**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

MYNOR GEOVANY GUTIERREZ CARRILLO,  :
         Petitioner,  :
           :
         v.  :     No. 2:26-cv-4969
           :
JAMAL L. JAMISON, *et al.*,  :
         Respondents.  :

---

**O R D E R**

**AND NOW,** this 28th day of July, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 4;[2] Petitioner's Application for Issuance of Order to Show Cause, ECF No. 1-9; and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

---

[1]    Petitioner Mynor Geovany Gutierrez Carrillo, a native of Guatemala, entered the United States without inspection on or around April 29, 2024, near Nogales, Arizona, at the southern border. *See* Pet. ¶¶ 3, 23, 26, ECF No. 1. Shortly thereafter, "[i]mmigration officials briefly detained Petitioner before releasing him into the United States on humanitarian parole to pursue asylum before USCIS in a non-detained setting." *See id.* ¶ 27. He obtained work authorization and has since lived in Norristown, Pennsylvania. *See id.* at ¶¶ 24, 27. Petitioner "applied for asylum with USCIS and the application was later transferred without decision to Immigration Court where he is waiting for his next scheduled hearing." *See id.* ¶¶ 27-28. His asylum application remains pending. *See id.* On or about July 16, 2026, Petitioner was taken into custody by immigration officials at a scheduled check-in with DHS. *See id.* ¶¶ 29-30. Petitioner is currently being held without a bond hearing. *See id.* at ¶¶ 32, 35. Petitioner filed the instant habeas petition, through counsel, on July 16, 2026. He alleges that his detention violates: (1) the Immigration and Nationality Act ("INA"); (2) Bond Regulations, 8 C.F.R. §§ 236.1, 1236.1, and 1003.19; (3) the Administrative Procedures Act ("APA"); and (4)-(5) Fifth Amendment due process. *See id.* ¶¶ 103-40.

[2]    On July 23, 2026, the Government filed a Response, arguing that the Court should deny habeas relief for the reasons set forth in its responses filed in hundreds of these cases in the Eastern District of Pennsylvania. *See* ECF No. 4. Such responses have argued, *inter alia*, that (1) the petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); (2) the detention does not violate Constitutional due process; (3) neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction; and (4) exhaustion is not required. *See, e.g.* No. 2:25-cv-06518 at ECF No. 7.

[3]    These opinions addressed similar habeas claims and rejected the Government's arguments. These opinions are only two of dozens of analogous cases decided in this District. In a manner

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

 A. Petitioner Mynor Geovany Gutierrez Carrillo is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

 B. **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a); and

 C. If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody.

2. Petitioner's Application for Issuance of Order to Show Cause, ECF No. 1-9, is **DISMISSED** as moot.[5]

3. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required.

[4] Petitioner's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of bond regulations, the APA, and due process. Because the petition seeks relief primarily in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.

[5] Petitioner's Application for Issuance of Order to Show Cause, attached to the Petition for Writ of Habeas Corpus, requests "that this Court issue an order directing Respondents to show cause as to why the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241 should not be granted." *See* ECF No. 1-9. Given the relief granted by this Order, this request is moot.